

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

January 11, 2006

Mr. James Chastain, President
Bandera County River Authority
   and Groundwater District
Post Office Box 177
202 Twelfth Street
Bandera, Texas 78003

Opinion No. GA-0392

Re: Qualifications for members of the board of the Bandera County River Authority and Groundwater District (RQ-0367-GA)

Dear Mr. Chastain:

On behalf of the Bandera County River Authority and Groundwater District (the "district") you request an opinion about the qualifications for holding office as district director.[1] The district was created and its powers established by two legislative enactments: a 1971 enactment creating the Bandera County River Authority,[2] and a 1989 enactment creating the Springhills Water Management District.[3] Questions have arisen as to the qualifications required for an individual to serve as a director of the district. You ask whether qualifications to serve as district director include residing in the district or the relevant single-member district and owning taxable property in the district or the single-member district. *See* Request Letter, *supra* note 1, at 2.

The two enactments creating the district were adopted pursuant to article XVI, section 59 of the Texas Constitution. *See* TEX. CONST. art. XVI, § 59 (authorizing the legislature to adopt laws creating conservation and reclamation districts with power to tax and incur debts). In 1971, the legislature created the Bandera County River Authority within part of Bandera County, granting it

> all of the rights, powers, privileges, authority and duties conferred
> and imposed by the general laws of this state now in force or hereafter
> enacted, applicable to water control and improvement districts created

---

[1]*See* Letter from James Chastain, President, Bandera County River Authority and Groundwater District, to Honorable Greg Abbott, Attorney General of Texas (July 5, 2005) (on file with Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

[2]*See* Act of May 31, 1971, 62d Leg., R.S., ch. 629, §§ 1, 5, 1971 Tex. Gen. Laws 2045, 2045-46 [hereinafter 1971 Act].

[3]*See* Act of May 24, 1989, 71st Leg., R.S., ch. 654, §§ 1, 9, 1989 Tex. Gen. Laws 2155, 2156-57 [hereinafter 1989 Act].

under the authority of Article XVI, Section 59 of the Texas Constitution; but to the extent that the provisions of any such general laws may be in conflict or inconsistent with the provisions of this Act, the provisions of this Act shall prevail. All such general laws are hereby adopted and incorporated by reference with the same effect as if incorporated in full in this Act.

1971 Act, *supra* note 2, §§ 1, 5, at 2045-46.

Section 9 of the 1971 Act provided that the district's powers "shall be exercised by a board of nine directors" named in the enactment and that successors would be appointed by the governor. *See id.* § 9, at 2046. Section 9 also provided that "[n]o person shall be appointed a director unless such person is 21 years of age or over and a resident of the district and owns land therein." *Id.*

In 1989 the legislature created an underground water conservation district in Bandera County subject to a confirmation election. *See* 1989 Act, *supra* note 3, §§ 1, 9 at 2155-57. The district, which included all the territory in Bandera County, was named "the Springhills Water Management District" (the "Springhills District").[4] *See id.* § 1, at 2155. The following provision of the 1989 Act created the board of directors of the Springhills District and placed it in charge of both the Springhills District and the Bandera County River Authority:

> All powers of the district shall be exercised by a board of nine directors composed of the persons who serve as directors of the Springhills Water Management District. Each director of the Springhills Water Management District serves on the board of directors of the Bandera County River Authority as an additional duty of his office as director of the water management district.

*Id.* § 12, at 2157 (amending 1971 Act, *supra* note 2, § 9, at 2046). The district's directors are elected and serve on the Bandera County River Authority board pursuant to the 1989 Act. Thus, we look first to the 1989 Act for qualifications to serve as district director.

The 1989 Act provides for electing two directors from each commissioners precinct and one at large. *Id.* § 10, at 2157. It repealed the language of section 9 of the earlier statute requiring Bandera County River Authority directors to be appointed by the governor and providing that "[n]o person shall be appointed a director unless such person is 21 years of age or over and a resident of

---

[4]The name "Springhills Water Management District of Bandera County" was changed to "Bandera County River Authority and Groundwater District" in 2003 by order of the Texas Commission on Environmental Quality. *See* Request Letter, *supra* note 1, Exhibit 3 (Tex. Comm'n on Envtl. Quality, *An Order Approving a Request by Springhills Water Management District of Bandera County to Change its Name to Bandera County River Authority and Groundwater District* (Apr. 10, 2003)); *see also* 30 TEX. ADMIN. CODE § 293.102 (2005) (procedure for changing name of water district).

the district and owns land therein." *Id.* § 12, at 2157. The qualifications for office established by section 9 of the 1971 Act no longer apply.

Neither the 1971 Act as amended nor the 1989 Act establishes the qualifications of a district director. However, the 1989 Act granted the district "all of the rights, powers, privileges, authority, functions, and duties provided by the general law of this state, including Chapters 50 and 52, Water Code, applicable to underground water conservation districts created under Article XVI, Section 59, of the Texas Constitution." *Id.* § 6(a), at 2156. The 1989 Act "prevails over any provision of general law that is in conflict or inconsistent" with it. *Id.*

We next look for the qualifications for directors of the district in the applicable Water Code provisions and other general laws that are not in conflict or inconsistent with the 1989 Act. In 1989, Water Code chapter 50 governed the administration of water districts in general, and chapter 52 dealt with underground water conservation districts. The Seventy-fourth Legislature reorganized and revised statutes concerning underground water conservation districts,[5] placing them in Water Code chapter 36, and repealed chapter 52. *See* Act of May 29, 1995, 74th Leg., R.S., ch. 933, §§ 2, 6, 1995 Tex. Gen. Laws 4673, 4679-4701 (adopting Water Code chapter 36; repealing chapter 52). The same legislature repealed Water Code chapter 50 and adopted chapter 49, relating to the administration of water districts. *See* Act of May 25, 1995, 74th Leg., R.S., ch. 715, §§ 2, 39, 1995 Tex. Gen. Laws 3755, 3802. Water Code chapters 36 and 49 apply to the district to the extent they are not inconsistent with the special law provisions that govern it.

Water Code section 49.002 provides as follows:

> (a) Except as provided by Subsection (b), this chapter applies to all general and special law districts . . . .

> (b) This chapter does not apply to a district governed by Chapter 36 unless a special law creating the district or amending the law creating the district states that this chapter applies to that district.

TEX. WATER CODE ANN. § 49.002 (Vernon 2000).

Because the district's directors are elected in their capacity as directors of a groundwater conservation district, we look at chapter 36 for qualifications for office. Section 36.059 provides that "[a]ll elections shall be generally conducted in accordance with the Election Code except as otherwise provided for by this chapter." *Id.* § 36.059(a). We find no qualifications for office in chapter 36, only a disqualification for office that does not apply in a district with a population of less than 50,000. Therefore this chapter does not apply in the Bandera County River Authority and

---

[5]"Groundwater conservation district" is the common name for "underground water conservation district." *See* HOUSE RESEARCH ORGANIZATION, BILL ANALYSIS, Tex. H.B. 2294, 74th Leg., R.S. (1995) at 2.

Groundwater District.[6] *See id.* § 36.051(b) (Vernon Supp. 2005) (ineligibility of member of a governing body of another political subdivision for election as director).

We turn to the Texas Election Code, which "applies to all general, special, and primary elections held in this state." TEX. ELEC. CODE ANN. § 1.002(a) (Vernon 2003). Election Code section 141.001 provides as follows:

> (a) To be eligible to be a candidate for, or elected or appointed to, a public elective office in this state, a person must:
>
> (1) be a United States citizen;
>
> (2) be 18 years of age or older on the first day of the term to be filled at the election or on the date of appointment, as applicable;
>
> (3) have not been determined mentally incompetent by a final judgment of a court;
>
> (4) have not been finally convicted of a felony from which the person has not been pardoned or otherwise released from the resulting disabilities;
>
> (5) have resided continuously in the state for 12 months and in the territory from which the office is elected for six months immediately preceding the following date:
>
> > (A) for a candidate whose name is to appear on a general primary election ballot, the date of the regular filing deadline for a candidate's application for a place on the ballot;
> >
> > (B) for an independent candidate, the date of the regular filing deadline for a candidate's application for a place on the ballot;
> >
> > (C) for a write-in candidate, the date of the election at which the candidate's name is written in;

---

[6]The Bandera County population was 17,645 in 2000. *See* BUREAU OF THE CENSUS, U.S. DEP'T OF COMMERCE, 2000 Census of Population, *available at* http://quickfacts.census.gov/qfd/states/48/48019.html (State and County Quick Facts).

(D) for a party nominee who is nominated by any method other than by primary election, the date the nomination is made; and

(E) for an appointee to an office, the date the appointment is made; and

(6) satisfy any other eligibility requirements prescribed by law for the office.

*Id.* § 141.001(a) (Vernon 2003).

Section 141.001(a) answers the specific questions you ask. To be qualified for service as a district director, an individual must have resided continuously in the state for 12 months and in the district and the single member precinct he seeks to represent for six months immediately preceding the applicable date set out in section 141.001(5). He is not required to own taxable property within the district or single member precinct he seeks to represent. Of course, he must satisfy any other eligibility requirements prescribed by law.

## S U M M A R Y

Election Code section 141.001(a) states the qualifications for serving as director of the Bandera County River Authority and Groundwater District. To be qualified for serving as a director of the district, an individual must have resided continuously in the state for 12 months and in the district and the single member precinct he seeks to represent for six months immediately preceding the applicable date set out in the Election Code provision. He is not required to own taxable property within the district or single member precinct he seeks to represent.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

NANCY S. FULLER
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General, Opinion Committee